IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                           No. 2:04-cr-0478 LKK KJN P

    vs.

LORETO CASTRO-BARRAZA,

    Movant.                               FINDINGS AND RECOMMENDATIONS

_____/

       Movant has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Movant contends his sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and that he suffered ineffective assistance of counsel under the Sixth Amendment because his counsel failed to inform movant he had a right to a jury trial on the sentencing enhancement based on petitioner's prior conviction. Respondent has opposed the motion.

Factual Background

       On February 15, 2005, movant pled guilty to a violation of 8 U.S.C. § 1326, deported alien found in the United States, and waived all rights to appeal or collateral attack. In exchange, respondent agreed to recommend a 37 month sentence. (Dkt. No. 20.) On that same day, movant was sentenced to 37 months of imprisonment. (Id.)

1

Legal Standards and Analysis

Blakely reiterated the rule first announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added); accord Cunningham v. California, 549 U.S. 270, 274-75 (2007).  The Court in Apprendi found that recidivism was distinguishable from other matters employed to enhance punishment because (1) "recidivism is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," (2) "recidivism does not relate to the commission of the [charged] offense[,]" and (3) prior convictions result from proceedings that include substantial procedural protections.  Apprendi, 530 U.S. at 488 (internal quotation marks, alterations and citations omitted).  In carving out this "narrow exception" for prior convictions, the Court in Apprendi explicitly declined to overrule its decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998).  Apprendi, 530 U.S. at 489-90 ("Because Almendarez-Torres had admitted the three earlier convictions for aggravated felonies - all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own - no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court. . . .  More important, . . . our conclusion in Almendarez-Torres turned heavily upon the fact that the additional sentence to which the defendant was subject was the prior commission of a serious crime.") (internal quotation marks and citation omitted).

In this case, petitioner entered into a plea agreement in which he admitted he was "previously convicted of a felony drug trafficking offense for which the sentence imposed exceeded 13 months within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)." (Dkt. No. 21-1 at 7:21-25.)  Because movant admitted his prior conviction, the district court could use the prior conviction as a basis to enhance his sentence.  Moreover, as noted above, prior convictions are an exception to the rule announced in Apprendi and expanded in Blakely.  United States v.

Quintana-Quintana, 383 F.3d 1052 (9th Cir. 2004) ("[A] sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury.")  Prior convictions need not be alleged in an indictment or submitted to a jury.  Almendarez-Torres, 523 U.S. at 224; see also United States v. Arellano-Rivera, 244 F.3d 1119, 1127 (9th Cir. 2001).  Thus, movant's first claim is without merit.

Movant also alleges ineffective assistance of counsel.  The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To support a claim of ineffective assistance of counsel, a movant seeking relief under § 2255 must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  Movant must therefore identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment.  Id. at 690.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.  Id.

Second, movant must affirmatively prove prejudice.  Strickland, 466 U.S. at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  Strickland, 466 U.S. at 697.

Movant has failed to present evidence that defense counsel committed errors so serious that movant was deprived of his Sixth Amendment right to counsel or of his right to a fair proceeding.  Because movant had no constitutional right to a jury trial on the prior conviction, trial counsel was not ineffective for failing to so inform movant or for failing to raise a Blakely

claim on direct appeal.  Moreover, as noted by respondent, where movant was facing a potential sentence of 63 to 78 months (Dkt. No. 21 at 7 & n.1), movant has also failed to demonstrate <u>Strickland</u> prejudice.  That is, movant has failed to show there is a reasonable probability that but for defense counsel's alleged failure to raise a <u>Blakely</u> challenge, the outcome would have been different.  Thus, movant's second claim also fails.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's February 6, 2006 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The clerk of the court be directed to close the companion civil case No. 2:06-cv-0246 LKK KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 11, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cast0478.257